UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KARIMA ALI,** )<br>)<br>　　　　**Plaintiff**, )<br>)<br>　　v. )<br>)<br>**LONG BEACH ACCEPTANCE CORP.,** )<br>)<br>　　　　**Defendant**. )<br>————————————————— ) | **CIV-F-07-1062 AWI SMS**<br><br>**ORDER RE: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION FOR A MORE DEFINITE STATEMENT** |

　　　　Defendant Long Beach Acceptance Corp. has made a motion to dismiss the complaint without prejudice under Fed. R. Civ. Proc. 12(b)(6), or in the alternative, for a more definite statement under Fed. R. Civ. Proc. 12(e). Plaintiff Karima Ali opposes the motion. The matter was taken under submission without benefit of oral argument.

**I. History**

　　　　Plaintiff Karima Ali purchased a car five years ago. She financed the purchase with a loan from Defendant Long Beach Acceptance Corporation. Plaintiff alleges that Defendant has incorrectly reported to the credit bureaus that her payments have been late. Due to the negative reports, she has been denied credit and employment opportunities. Plaintiff further alleges that she has contacted both Defendant and the credit bureaus, attempting to correct her credit report,

but Defendant has neither corrected its information nor investigated the matter.

  She filed suit, pro se, against Defendant in the Superior Court of California, Fresno County. Defendant removed the suit to federal court. Plaintiff's stated claims are: (1) violation of the Fair Credit Reporting Act; (2) imposing hardship; and (3) racial and nationality discrimination. Doc. 4, Ex. C, Complaint. Defendant has filed a motion to dismiss the complaint without prejudice under Fed. R. Civ. Proc. 12(b)(6), or in the alternative, for a more definite statement under Fed. R. Civ. Proc. 12(e). Doc. 13. Plaintiff has filed an opposition and Defendant has filed a reply. Docs. 15 and 16. The matter was taken under submission without benefit of oral argument.

## II. Legal Standards

**A. Fed. R. Civ. Proc. 12(b)(6)**

  Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim with prejudice if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106

(9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003); Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**B. Fed. R. Civ. Proc. 12(e)**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. Proc. 12(e). A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. See Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988); Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). The court must deny the motion if the complaint is specific enough to apprise defendant of the substance of the claim being asserted. See Bureerong v. Uyawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); FRA S.P.A. v. Surg- O-Flex of America, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz., 2003); Sheffield v. Orius Corp., 211 F.R.D. 411, 414-15 (D. Or. 2002); Tilley v. Allstate Ins. Co., 40 F. Supp. 2d 809, 814 (S.D. W. Va 1999); see also Resolution Trust Corp. v. Gershman, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993) ("Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail.").

Rule 12(e) motions "are not favored by the courts 'since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim.'" Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz. 2003); Resolution Trust Corp. v. Dean, 854 F. Supp. 626, 649 (D. Ariz. 1994). "If the moving party could obtain the missing detail through discovery, the motion should be denied." Davison v. Santa Barbara High School District, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998). Rule 12(e) motions are "not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes." Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz. 2003); Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993). "[E]ven though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge

may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

**C. Pro Se Pleading**

The pleadings of pro se litigants "are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 10 (1980), quotation omitted; see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However "plaintiff must allege with at least some degree of particularity overt acts which defendant[] engaged in that support the plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984), quotation omitted.

## III. Discussion

**A. Fair Credit Reporting Act**

In her complaint, Plaintiff's first cause of action makes reference to parts of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), specifically Section 1681s-2(a) and (b). The duties set out in Section 1681s-2(a) may not be enforced by a private litigant. See 15 U.S.C. §1681s-2(d). However, Plaintiff also quotes a portion of 15 U.S.C. §1681s-2(b): "Duties of furnishers of information upon notice of dispute. (1) In general. After receiving notice pursuant to [15 U.S.C. §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to [15 U.S.C. §1681i(a)(2)]." Sections 1681n and 1681o allow for private suits by consumers against persons who violate the FCRA. Defendant argues Plaintiff has failed to plead facts sufficiently setting forth all essential elements of a cause of action under Section 1681s-2(b). Doc. 8, Defendant's Brief, at 8:23-25.

Section 1681s-2(b) regulates the actions of those that provide information to credit

reporting agencies. To activate those duties, the consumer must dispute information on their credit report with a credit reporting agency. The credit report agency must then investigate by giving notice to the information provider of all relevant information regarding the dispute. See 15 U.S.C. §1681i(a). Once the information provider receives that notice, Section 1681s-2(b) duties attach. "The person, i.e., the furnisher of the disputed information, has four duties: to conduct an investigation with respect to the disputed information; to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results to all nationwide consumer reporting agencies to which the person furnished the information." Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002), citing 15 U.S.C. §1681s-2(b). To state a cause of action under Section 1681s-2(b), a party must allege (with sufficient detail to give a responding party notice of the substance of the claim) the nature of the credit report inaccuracy; that they disputed the credit report item with a credit report agency; that the information provider received notice from the credit report agency of the dispute; and that the information provider then failed to fulfill one or more of the duties listed in Section 1681s-2(b).

Defendant argues "[Plaintiff] has not alleged that [she] raised a complaint, how [she] raised it, or what the inaccurate information is alleged to be." Doc. 8, Defendant's Brief, at 5:9-11. Defendant cites to Gorman v. Wolpoff & Abramson, LLP, 370 F. Supp. 2d 1005, 1012 (N.D. Cal. 2005) for the proposition that a valid claim must articulate all elements of the Section 1681s-2(b) violation with great specificity to avoid dismissal. Reading Gorman, the court respectfully disagrees with the ruling, finding the level of detail required inconsistent with the Fed. R. Civ. Proc. 8(a) pleading standard.[1] Cf. Mullins v. I. C. Sys., 2007 U.S. Dist. LEXIS

---

[1] "Gorman's First Amended Complaint ("FAC") alleges the following facts...In Spring 2004, Gorman discovered that MBNA was 'falsely and inaccurately reporting' to various credit reporting agencies that he was delinquent on his obligations to MBNA, without reporting that the debt was 'disputed.' (FAC PP 11, 12.) Gorman wrote MBNA, requesting that it correct the information. (FAC P 10.) He also wrote the credit reporting agencies to notify them that MBNA's information was 'disputed, mistaken and [should] be corrected.' (FAC P 12.) The credit reporting agencies, in turn, notified MBNA about Gorman's dispute. (FAC P 12.) MBNA

45111 (D. Colo. 2007) ("I respectfully disagree with Gorman to the extent it requires a plaintiff in an [Fair Debt Collection Practices Act] action to plead specifically the date of each telephone call that allegedly violated the Act").  The court instead follows the standard as applied in Pirouzian v. SLM Corp., 396 F. Supp. 2d 1124, 1127 (S.D. Cal. 2005) ("Although Plaintiff did not specifically allege a violation of section 1681s-2(b), the Court finds that the facts in the Complaint sufficiently support a claim under that section. Plaintiff alleges that 'Defendant failed to adequately investigate or reinvestigate Plaintiff's claim that the derogatory information filed was inaccurate and thereafter correct this inaccurate information.'  The Court construes the word 'reinvestigate' to refer to a failure by Defendant to adequately reinvestigate the accuracy of the negative credit information Defendant had supplied to the credit agencies after Defendant learned from the credit agencies that Plaintiff had disputed the reports to the credit agencies").

      While Plaintiff's allegations are not that specific, they are sufficient to state a claim. General allegations are sufficient to embrace the specific facts necessary to support a claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  Plaintiff's allegations, fairly read, are as follows: Defendant erroneously reported to the credit rating agencies that her payments have been late ("The Defendant continues to report this information of late payments that never happen"); Plaintiff disputed the credit item with the credit reporting agencies ("The plaintiff contacted the credit boroughs and the defendant trying to correct this problem"); the credit reporting agencies requested that Defendant investigate ("The defendant did not even provided the credit borough who requested the investigation how when and where this account was late");  Defendant has continued to report to the credit rating agencies that her payments have been late ("The Defendant continues to report this information of late payments that never happen"). See Doc. 4, Ex. C, Complaint, at 2.  These allegations state a Section 1681s-2(b) cause of action.

      As for the motion for more definite statement, Plaintiff's complaint is not unintelligible.

---

did not conduct a 'complete and sufficient investigation,' and continues to report Gorman's debt as delinquent without indicating that the charges are disputed. (FAC P 12.)." Gorman v. Wolpoff & Abramson, LLP, 370 F. Supp. 2d 1005, 1007-8 (N.D. Cal. 2005).

Courts must deny motions for more definite statement if the complaint is specific enough to apprise defendant of the substance of the claim being asserted. See <u>Bureerong v. Uyawas</u>, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).  Defendant can frame a responsive pleading to Plaintiff's claim.

**B. Injunctive Relief**

Defendant assets that the FCRA "does not make injunctive relief available to consumer litigants" citing to a Fifth Circuit case for that proposition. Doc. 8, Defendant's Brief, at 7:6-9. That opinion explicitly states "Lower courts are split as to whether, in light of these provisions, the FCRA allows private litigants to maintain a claim for injunctive relief. Compare [out of circuit authority] with <u>Andrews [v. Trans Union Corp.</u>], 7 F. Supp. 2d [1056,] 1084 & n.33 [C.D. Cal. 1998)] (concluding that the FCRA 'does allow injunctive relief on the plaintiff's own behalf'); <u>Greenway v. Information Dynamics, Ltd.</u>, 399 F. Supp. 1092, 1096-97 (D. Ariz. 1974) (certifying a class action on a claim for injunctive relief under the FCRA and granting preliminary injunctive relief), aff'd on other grounds 524 F.2d 1145 (9th Cir. 1975)." <u>Washington v. CSC Credit Servs.</u>, 199 F.3d 263 (5th Cir. 2000).

Sections 1681n and 1681o explicitly provide for monetary damages, costs and attorneys fees, but are silent as to injunctive relief.  In contrast, Section 1681s allows the Federal Trade Commission to enforce the FCRA through civil penalties and injunctions.  While some courts within the Ninth Circuit have nevertheless found injunctive relief available to private litigants, several recent courts have examined the issue in detail and come to the opposite conclusion. See <u>Fisher v. Fin. Am., LLC</u>, 2006 U.S. Dist. LEXIS 36473, *25-28 (C.D. Cal. 2006); <u>Yeagley v. Wells Fargo & Co.</u>, 2006 U.S. Dist. LEXIS 5368, *8 (N.D. Cal. 2006); <u>Howard v. Blue Ridge Bank</u>, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("Elsewhere in the FCRA, injunctive relief is mentioned and available only to the FTC or other agencies enforcing the FCRA").  This court finds the recent precedent from other district courts in California persuasive.  Plaintiff's request for injunctive relief pursuant to FCRA is improper and must be stricken.  In amending her complaint, Plaintiff may seek injunctive relief pursuant to another cause of action, but not the

FCRA.

### C. Hardship

Plaintiff's second cause of action states: "Impose Hardship on the Plaintiff by reporting in accurate information." Doc. 4, Ex. C, Complaint at 2.  The court can not determine what kind of claim "hardship" is or whether Plaintiff has alleged facts sufficient for such a claim.  Plaintiff's hardship claim is dismissed without prejudice; Plaintiff may amend her complaint to clarify her claim.

### D. Discrimination

Plaintiff's third cause of action states: "Unlawful discrimination. Since the Plaintiff name is a not typical English name, The Defendant is refusing to treat her as a normal American who just wants to clear this matter and move on. The Plaintiff more that once tried to clear this matter, but the Defendant is refusing to conduct and apply the minimum of the law calls for. The only reason is most diffidently is the name and the original nationality of the Plaintiff." Doc. 4, Ex. C, Complaint at 2.  Defendant asserts, "Without more allegations about the law and circumstances, such as what actions the Defendant took in allegedly discriminating against Ali, the Defendant cannot determine the nature of this claim." Doc. 8, Defendant's Brief, at 3:16-17.  Plaintiff broadly alleges that Defendant's actions in reporting to the credit bureaus were motivated by racial and national origin discrimination.  However, it is not clear under what law (California's Unruh Civil Rights Act, federal 42 U.S.C. §1981, or some other statute) she wishes to sue.  Different laws have different elements that are necessary to state a claim.  Without this information, the court can not determine if she has plead sufficient facts to state a claim.  Plaintiff's discrimination claim is dismissed without prejudice; Plaintiff may amend her complaint to clarify her claim.

### IV. Order

Defendant's motion to dismiss, or in the alternative for a more definite statement is

GRANTED in part and DENIED in part.  Plaintiff's hardship claim, discrimination claim, and request for injunctive relief are DISMISSED without prejudice.  The court interprets her remaining cause of action to be one pursuant to 15 U.S.C. §1681s-2(b) through 15 U.S.C. §1681n and §1681o.

If Plaintiff wishes to amend, she must file an amended complaint that is compliant with this order within thirty (30) days of the date this order is filed.  Should Plaintiff fail to file an amended complaint within that time, Defendant is directed to file an answer to the original complaint as limited by this order within forty-five (45) days of the date this order is filed.

IT IS SO ORDERED.

**Dated:   November 8, 2007**               /s/ **Anthony W. Ishii**
                                        UNITED STATES DISTRICT JUDGE